IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD O.,[1]

        Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

        Defendant.

Case No. 1:19-cv-01234-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Richard O.'s ("Plaintiff") motion for attorney's fees under 42 U.S.C. § 406(b). For the reasons explained below, the Court grants Plaintiff's motion.

## BACKGROUND

Plaintiff filed this action seeking review of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act. The Court reversed the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

Commissioner's decision, remanded the case for an award of benefits, and entered judgment on October 21, 2020.

On January 4, 2021, the Court granted Plaintiff's unopposed motion for $8,2700.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). On May 4, 2021, Plaintiff filed the present motion for attorney's fees under 42 U.S.C. § 406(b). Plaintiff seeks $10,365.24 in § 406(b) fees, which represents $19,779.95 (twenty-five percent of Plaintiff's $79,119.80 past-due benefits), less $8,270.00 (the amount previously awarded to Plaintiff's counsel under the EAJA) and $1,144.71 (the amount previously awarded to Plaintiff's counsel under 42 U.S.C. § 406(a), "which governs the award of attorney's fees for representation before the Social Security Administration[,]" *Clark v. Astrue*, 529 F.3d 1211, 1212-13 (9th Cir. 2008)).[2]

## DISCUSSION

The Commissioner "does not dispute" that pursuant to Plaintiff's fee agreement, Plaintiff's counsel may seek $19,779.95 in § 406(b) fees (Def.'s Resp. at 4), less the $8,270.00 previously awarded under the EAJA. *See generally Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012) ("[I]n order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, [Congress amended the EAJA and added a] savings provision [that] requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under [the EAJA] if the two were for the 'same work.'") (citation omitted). In other words, the Commissioner acknowledges that Plaintiff's counsel may seek up to $11,509.95 in § 406(b) fees ($19,779.95 minus the $8,270.00 EAJA award). However, the Commissioner opposes Plaintiff's motion because Plaintiff's counsel

---

[2] Unlike § 406(a), § 406(b) "governs the award of attorney's fees for representation of Social Security claimants in federal district court," not administrative proceedings. *Clark*, 529 F.3d at 1213.

voluntarily reduced the allowable $11,509.95 fee award by $1,144.71, the amount she previously received as a § 406(a) fee award, and instead requested $10,365.24.

The Commissioner opposes the voluntarily-reduced fee award on the ground that it would effectively apply the 25% cap to the aggregate of the §§ 406(a) and 406(b) fee awards, which the Supreme Court has prohibited. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"); *see also Clark*, 529 F.3d at 1215 ("Because the plain text of § 406(b) limits only the award of attorney's fees for representation of a Social Security claimant before the district court, we . . . hold the district court erred in concluding § 406(b) limits the total amount of attorney's fees awarded under both § 406(a) and § 406(b)."); *id*. at 1218 ("[I]f a fee award under § 406(a) can be greater than 25% of past-due benefits, it follows that the combined amount of fees awarded under both § 406(a) and § 406(b) must be capable of exceeding 25% of past-due benefits.").

Plaintiff's counsel responds that she "aggregates fees awarded under §§ 406(a) and 406(b) as a matter of practice," even though she is "not required" to do so under *Culbertson*. (Pl.'s Mot. at 2 n.2.) Although *Culbertson* and *Clark* prohibit the Court from applying the 25% cap to the aggregate of the §§ 406(a) and 406(b) fee awards, nothing in those cases prohibit counsel from voluntarily deducting her § 406(a) fee award from her § 406(b) fee award for the benefit of her client. Here, Plaintiff's counsel has simply taken a voluntary fee reduction to maximize the award of past-due benefits to her client, which provides additional support for the reasonableness of her fee request and is not contrary to *Culbertson* or *Clark*.[3]

---

[3] Other factors that support the reasonableness of Plaintiff's fee request here include the character of Plaintiff's representation, the results achieved (an award of benefits), the lack of undue delay (one extension of thirty-four days), and the requested hourly rate ($412.08 based on

The Commissioner also opposes Plaintiff's motion on the ground that the amount of the § 406(a) award is not part of the record before the Court. In light of the fact that (a) Plaintiff's counsel is requesting a voluntary discount of her § 406(b) fee award in the amount of her § 406(a) fee award, and (b) she signed her motion in accordance with FED. R. CIV. P. 11, the Court requires no further evidentiary support for the amount of the § 406(a) fee award.

Finally, the Commissioner argues that Plaintiff's proposed fee order (ECF No. 23-4 at 1-2) should clearly state that the § 406(b) fees are payable to Plaintiff's counsel of record, "not a law firm generally," and should state that any payment must be deducted from Plaintiff's past-due benefits withheld by the agency in anticipation of the § 406(b) order. (Def.'s Resp. at 4.) Notably, however, the Commissioner consistently stipulates to fee order language identical to the language Plaintiff proposes here. *See, e.g.*, *Kreger v. Comm'r, Soc. Sec. Admin.*, No. 6:17-cv-00627-SI, 2019 WL 4655890, at *1 (D. Or. Sept. 24, 2019) (granting a nearly identical unopposed motion for § 406(b) fees in a case involving the Commissioner and the same law firm, which deducted administrative fees and ordered payment to the "Plaintiff's attorneys" at the firm). The Commissioner has identified no compelling reason to deviate from the standard § 406(b) fee order language here.

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's motion for attorney's fees (ECF No. 23), and awards to Plaintiff's counsel attorney's fees in the amount of $19,779.95 under 42 U.S.C. § 406(b). Plaintiff's attorneys previously received $8,270.00 in fees pursuant to the

---

forty-eight hours of work). *See, e.g.*, *Alter v. Colvin*, No. 12-737-AC, 2014 WL 3486143, at *2 (D. Or. July 11, 2014) ("There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys)." (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), and *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009))).

EAJA, and $1,144.71 in administrative fees. When issuing the § 406(b) check for payment to Plaintiff's attorneys, the Court directs the Commissioner to subtract the amounts awarded under the EAJA and the administrative fees and send the balance of $10,365.24, less any applicable processing or user fees prescribed by statute, to Plaintiff's attorneys at HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Eugene, Oregon 97401. Any amount withheld after all administrative and court attorney fees are paid should be released to the claimant.

    **IT IS SO ORDERED.**

    DATED this 8th day of June, 2021.

*/s/ Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge